10-3658-cv
Emery Celli v. Plaintiffs' Committee

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand eleven.

PRESENT:    RALPH K. WINTER,
            GERARD E. LYNCH,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

DENISE H. REIN, Individually and as Executrix of the Estate
of MARK ALLEN REIN, Deceased, et al.,
                    *Plaintiffs*,

                    v.                                    No. 10-3658-cv

THE SOCIALIST PEOPLE'S LIBYAN ARAB
JAMAHIRIYA, LIBYAN EXTERNAL SECURITY
ORGANIZATION aka JSO aka Jamahiriya Security
Organization, LIBYAN ARAB AIRLINES, LAMEN
KHALIFA FHIMA aka Mr. Lamin aka A Al Amin
Khalifa Fhima, ABDEL BASSETT ALI AL-MEGRAHI
aka Mr. Basset aka Abdel Baset Ali Mohmed aka Abdel
Baset Ali Mohmed Al Megrahi,
                    *Defendants.*

_____

EMERY CELLI BRINCKERHOFF & ABADY LLP,

*Claimant-Appellant*,

v.

PLAINTIFFS' COMMITTEE,

*Claimant-Appellee.**

_____

FOR APPELLANT:          John S. Martin, Jr., Martin & Obermaier LLC, New York, NY (Richard D. Emery, Zoe Salzman, Emery Celli Brinckerhoff & Abady LLP, New York, NY, *on the brief*).

FOR APPELLEES:          Steven R. Pounian (James P. Kreindler, *on the brief*), Kreindler & Kreindler LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Platt, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Claimant-appellant Emery Celli Brinckerhoff & Abady LLP ("Emery") appeals from the judgment of the district court ordering the firm to pay 20% of its fee (3% of its clients' settlement award) from the settlement of the Lockerbie bombing litigation against Libya to claimant-appellee the Plaintiffs' Committee ("Committee"), which was appointed by the district court to manage the class action on behalf of all plaintiffs. We assume the parties' familiarity with the underlying facts and procedural history.

We review a district court's award of attorneys' fees for abuse of discretion, "one of the most deferential standards," and thus "the scope of our appellate review . . . is narrow." In re Bolar Pharma. Co. Securities Litig., 966 F.2d 731, 732 (2d Cir. 1992). The abuse of discretion standard "recognizes that the district court, which is intimately familiar with the nuances of the case, is in a

_____

* The Clerk of Court is respectfully directed to amend the official caption to conform to the listing of the parties above.

2

far better position to make certain decisions than is an appellate court, which must work from a cold record. We have long recognized that fee awards . . . fall into this category." Id. Nevertheless, "[i]f we are to be satisfied that a district court has properly exercised its discretion, we must be informed by the record of why the district court acted as it did." Id. Here, we are satisfied that the district court provided sufficiently "specific findings" and "reasoned explanation" for our review, see id. at 733, and we conclude that it did not abuse its discretion in ordering Emery to remit 3% of its clients' total settlement award to the Committee.

Emery contends that the district court failed to comply with the directive that our Court issued in the previous appeal in this case, Rein v. Socialist People's Libyan Arab Jamahiriya, 568 F.3d 345 (2d Cir. 2009). On that appeal, we vacated the district's court's original order and remanded because we concluded that the court had committed three significant errors.

First, the district court had incorrectly treated certain statements made by one of Emery's clients, Mark Hudson, as evidence that Emery had not performed meaningful lobbying work in furtherance of an amendment of the Foreign Sovereign Immunities Act ("FSIA") that made it possible for the plaintiffs to sue Libya, when in fact Hudson had strongly supported Emery's position. Id. at 350. Second, the district court had improperly relied on a settlement proposal from Emery in determining a reasonable fee award, an approach that would "seriously impair[]" future settlement negotiations if adopted by other courts. Id. at 352-53. Third, the district court had erred by treating the fact that *other* non-Committee counsel had not challenged the 3% contribution as evidence that Emery's position was unreasonable. Eleven of the 13 other attorneys who had agreed to the 3% division had not engaged in FSIA lobbying activities and thus were not similarly situated to Emery. And the acceptance of the fee division by those attorneys who had engaged in lobbying was essentially a litigation decision that did not evidence the reasonableness of the award. Id. at 353.

3

We vacated the judgment and remanded for reconsideration free of these errors. Notably, we expressed "no view of the merits of the question." Id. at 354.

On remand, the district court again concluded that Emery should contribute 3% of its clients' recovery to the Committee, because, inter alia, (1) there was "no tangible evidence that Emery's admittedly limited lobbying efforts were the cause of the amendment to the FSIA"; (2) the fact that Emery engaged in lobbying did not prove that the firm's activities "conferred a substantial benefit on plaintiffs herein such that it should be excused from contributing to the Committee"; (3) the fee awarded to the Committee was reasonable given the scope and impact of its work, and in fact was "decidedly modest" as compared to the recoveries in analogous cases; and (4) the Committee deserved "[n]inety-five percent or more of the credit for the success of this case," even "accepting as true . . . that [Emery's] filing of the Hudson lawsuit played some role in Congress amending the FSIA."

On appeal, Emery argues that the district court's second order failed to cure the errors that we identified, and applied the same flawed reasoning from the first order. Specifically, Emery asserts that the district court defied our mandate by refusing to credit the firm's lobbying efforts, which Emery says played a significant role in the FSIA's amendment, which in turn contributed importantly to the Libya settlement. In response, the Committee argues that lobbying work should not count for purposes of fee-contribution calculations, that the district court cured all of the errors our Court identified, and that district court did not abuse its discretion in ordering the 3% contribution.

Emery's argument that it should be subject to a lower fee-contribution percentage than non-lead attorneys who played no role in the FSIA lobbying effort is not unattractive. However, the question here is not whether Emery's lobbying efforts are in principle compensable. (To the extent

4

the Committee argues that they are not, its position is inconsistent with the Supreme Court's decision in Winton v. Amos, 255 U.S. 373 (1921), and with our prior decision in this case.) Rather, the question is whether the evidence that Emery's lobbying conferred a substantial benefit on the class so much greater than that attributable to the other non-Committee counsel, or so significant in relation to the efforts of the Committee, as to compel the conclusion that Emery is entitled to be excused, in whole or in part, from the same "tax" fairly imposed on other non-Committee counsel to compensate the Committee for its efforts. We cannot conclude on this record that the district court abused its discretion in deciding that Emery's lobbying work did not play a "substantially instrumental" role in the FSIA's amendment or in the Libya settlement itself. See Winton, 255 U.S. at 394.

The record provides few details about the nature of Emery's lobbying activities. The principal affidavit describing those activities hardly compels a conclusion that the firm's lobbying efforts were extensive:

> We met with members of the Department of State and Justice regarding the Administration's position on the Pan Am bombing. We extensively researched theories of liability and damages and circulated our conclusions to government officials. We also assisted Mr. Hudson in drafting his July 28, 1994 statement to the House Subcommittee on International Security, which encouraged Congress to amend the [FSIA]. We coordinated with [three other plaintiffs' attorneys] in these efforts.

The affidavit conspicuously omits any claim that Emery lawyers met with or wrote to a single member of Congress. Similarly, while the firm professed to have spent "2,900 plus" hours "prosecuting this case," it offered no evidence, despite available billing records, regarding how much of that time was spent on lobbying activities. Finally, however modest or extensive Emery's lobbying efforts were, the firm's evidence offers little that could persuade a factfinder, in the face of the inherent difficulty of disentangling the wellsprings of congressional action, that those efforts

5

had a substantial effect on the decision to amend the FSIA. The district court was not required to conclude that Emery spent substantial time lobbying for the FSIA's amendment, or that its lobbying efforts had more than a de minimis impact on the amendment process or on the Libya settlement. Accordingly, we conclude that the district court did not abuse its discretion in ordering Emery to contribute 3% of its clients' total recovery to the Committee.

We have considered Emery's other arguments, including its claim that the district court failed to correct the specific errors identified in our prior opinion, and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court